**Luis Felipe CASAS–CASTRILLON, Petitioner–Appellant,**

v.

**Barbara WAGNER, Warden; et al., Respondents–Appellees.**

No. 05–56158.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2008.*

Filed Jan. 23, 2008.

Luis Felipe Casas–Castrillon, El Centro, CA, pro se.

Samuel W. Bettwy, Esq., USSD—Office of the U.S. Attorney, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: FARRIS, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Luis Felipe Casas–Castrillon appeals the denial of his petition for writ of habeas corpus. Casas–Castrillon argues that the district court 1) failed to construe his habeas petition as a petition for writ of error *coram nobis,* and 2) improperly found he did not meet the *Gideon v. Wainwright* exception to the custody requirement of 28 U.S.C. § 2254(a).[1] We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

We review de novo a district court's denial of a petition for habeas corpus, 28 U.S.C. § 2254, or for writ of error *coram nobis*. *See Benitez v. Garcia*, 495 F.3d 640, 643 (9th Cir.2007) (habeas); *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir.2005) *(coram nobis)*. We may affirm on any ground supported by the record even if it differs from the rationale of the district court. *See Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir.2006).

Casas–Castrillon contends that the district court erred by not construing, sua sponte, his § 2254 petition as a petition for writ of error *coram nobis*. As Casas–Castrillon acknowledges, he raises this issue for the first time on appeal. This alone bars his claim. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992) ("As a general rule, an appellate court will not hear an issue raised for the first time on appeal."); *see Resendiz v. Kovensky*, 416 F.3d 952, 960–61 (9th Cir. 2005). The district court was not obligated to construe, sua sponte, his petition as a writ of error *coram nobis*. *Resendiz*, 416 F.3d at 960–61.

Casas–Castrillon argues that the *Gideon* exception to 28 U.S.C. § 2254(a)'s custody requirement applies where his attorney was absent at the time he entered his guilty plea, and where his plea was unintelligent and involuntary. A complete failure of counsel, a *Gideon* violation, may be an exception to the custody requirement of § 2254(a). *Custis v. United States*, 511 U.S. 485, 494–96, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). The record shows that Casas–Castrillon's attorney was present in court when he entered his plea. Moreover, his counsel's advice to plead guilty was neither defective nor in violation of *Gideon*. *See United States v. Her-*

*nandez*, 203 F.3d 614, 619 n. 7 (9th Cir. 2000).

**AFFIRMED.**